**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **T. M. W.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2921-CMS** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Doc. 2. This matter has been assigned to the undersigned Magistrate Judge pursuant to *In re: Social Security Cases*, G.O. 23-1 (W.D. Okla.) (eff. Jan. 6, 2023). After careful review, the undersigned recommends that the Court deny the Application.

## I. Discussion

The filing fee for a civil case in this Court is $405.00.[2] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise."

---

[1] The Court refers to Plaintiff by initials to protect Plaintiff's privacy because of the sensitive nature of medical and personal information disclosed in Social Security cases.

[2] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

*White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

**A. Factors for consideration**

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified). Plaintiff appeals the Commissioner of Social Security's denial of benefits. Doc. 1. But even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Application. Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are relevant for consideration of an IFP application). With respect to income, the Court considers the degree to which a plaintiff's monthly income exceeds her monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because the plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars"). In doing so, the Court also considers whether a plaintiff's monthly obligations are mandatory or discretionary. *Brewer*, 24 F. App'x at 979. And the Court considers a plaintiff's household income. *See, e.g., Freisinger o/b/o*

*A.A.F. v. Dudek*, No. CIV-25-104-CMS, 2025 WL 913637, at *1 (W.D. Okla. Feb. 19, 2025) (explaining a court considers the "income and assets of persons who financially support" a plaintiff applying to proceed IFP) (R&R), *adopted*, 2025 WL 909238 (W.D. Okla. Mar. 25, 2025); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citation modified)); *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001) ("Courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915." (citation modified)); *Williams v. Spencer*, 455 F. Supp. 205, 208 (D. Md. 1978) (explaining that, in determining whether litigants are unable to pay, the court should consider resources "they have or can get" (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)). Here, because Plaintiff's household income includes that of her spouse, the Court considers that financial resource in assessing Plaintiff's inability to pay the filing fee.

**B. Plaintiff's financial information**

The undersigned has carefully considered Plaintiff's income, assets, and expenses as listed on her Application. Plaintiff attests that she is unemployed and her spouse earns $2,201.00 biweekly in take-home pay, which equates to approximately $4,768.83 in net monthly income. Doc. 2 at 1. She lists no money in cash or a financial institution, and two vehicles on which the amount owed is greater than the value. *Id.* at 2. Plaintiff's listed household monthly expenses total approximately $4,325.00. *Id.*

Considering the information provided in the Application, the undersigned recommends the Court deny the Application. Plaintiff's monthly household income exceeds her monthly household expenses by approximately $444.00. "While this Court does not suggest that the plaintiff is wealthy or has lots of money to spend, [she] does appear to have discretionary income and/or assets and it appears that she has the ability to spend her discretionary funds on filing fees if [she] desires." *Williams v. Oklahoma*, No. CIV-16-163-R, 2016 WL 7665657, at *2 (W.D. Okla. Feb. 23, 2016) (citation modified) (R&R), *adopted*, 2016 WL 7665658 (W.D. Okla. Apr. 4, 2016), *aff'd*, 667 F. App'x 733 (10th Cir. 2016).

As such, based on the information before the Court, the undersigned finds Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312; *see also Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009) (denying a motion to proceed IFP when "the documentation Plaintiff has provided does not indicate an inability to pay the required filing fee").

## II. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2. The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of her right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **November 5, 2026**. *See id*. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**ENTERED** this 15th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE